**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
SONAL BHALLA,

                      Plaintiff,

          - against -

JP MORGAN CHASE & CO.,

                      Defendant.
-----------------------------------------------------------X

**REPORT AND RECOMMENDATION**

CV 03-6051 (DRH) (JO)

**JAMES ORENSTEIN, Magistrate Judge:**

At a status conference on January 13, 2005, defendant JP Morgan Chase & Co. ("Chase") made an oral application that I recommend the dismissal with prejudice of the complaint of plaintiff Sonal Bhalla ("Bhalla") pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. For the reasons set forth below, I now make such a recommendation.

I.     Background

Bhalla commenced this action against Chase on December 1, 2003, alleging employment discrimination under federal and state law. DE 1. On April 23, 2004, the Honorable William D. Wall, United States Magistrate Judge (to whom this was initially assigned), set a discovery schedule and case management plan that required discovery to be completed by December 23, 2004. DE 7. By letter dated December 3, 2004, Bhalla's counsel, David Gabor, Esq., requested leave to be relieved of his representation because he was unable to contact his client and because she refused to cooperate with him in prosecuting this action. DE 11. Upon receiving the letter, I scheduled a status conference for January 13, 2005, to discuss Mr. Gabor's request. I explicitly directed Bhalla to attend the conference with her counsel. Endorsed Order on DE 11.

Bhalla failed to comply, although her counsel – who had not yet been relieved – did appear on her behalf. Chase's counsel informed me that Bhalla had failed to respond to any of its discovery requests. Mr. Gabor advised that he was unable to discuss this matter with Bhalla, who had refused to respond to his attempts to contact her. Chase then requested that I issue a recommendation to the Honorable Denis R. Hurley, United States District Judge, that Bhalla's case be dismissed. I reserved decision on that application and instead again issued an order (a copy of which I directed Mr. Gabor to serve on his client) requiring Bhalla to appear in person at the next scheduled conference on March 1, 2005. I further directed Bhalla to respond to the outstanding discovery requests prior the next conference. I explicitly warned that Bhalla's failure either to attend the next conference or to respond to Chase's discovery requests would result in my recommending that her case be dismissed for failure to prosecute. DE 12.

Bhalla failed to attend the March 1 conference and failed to respond to Chase's discovery requests. DE 14. Mr. Gabor again reported that he had been unable to reach her despite making repeated efforts to do so. At this conference, I stated that "[c]onsistent with my order of January 13, 2005, in which I cautioned the plaintiff about the potential consequences of failing to participate in these proceedings, I will recommend that Judge Hurley dismiss the case for failure to prosecute." DE 14. I caused a copy of the minute entry from this conference to be mailed to Bhalla's address. She has not responded.

II.     Discussion

A motion seeking dismissal for failure to prosecute is committed to the court's sound discretion. *Jenkins v. City of New York*, 176 F.R.D. 127, 128-129 (1997) (citing *Colon v. Mack*, 56 F.3d 5, 7 (2d Cir. 1995)). Unless otherwise specified, a dismissal for failure to prosecute

under Rule 41(b) is with prejudice. Fed. R. Civ. P. 41(b). Failure to prosecute may be inferred from a plaintiff's "pattern of dilatory conduct" or from "'an action lying dormant with no significant activity to move it.'" *Barahman v. Sullivan*, 1992 WL 226293, *1 (E.D.N.Y. May 15, 1992) (quoting *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982)).

In determining whether a dismissal with prejudice is warranted, a court must examine several factors: "(1) the duration of plaintiff's failure; (2) whether plaintiff received notice that further delay would result in dismissal; (3) whether defendant will suffer prejudice by further delay; (4) a balancing of the need to relieve the court's calendar congestion with the plaintiff's right to due process; and (5) the efficacy of lesser sanctions." *Jenkins*, 176 F.R.D. at 129 (citing *Jackson v. City of New York*, 22 F.3d 71, 74 (2d Cir. 1994)). No one factor is dispositive. *Id.* (citing *Nita v. Conn. Dept. of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994)). Under this standard, a dismissal with prejudice is appropriate.

In this case, Mr. Gabor has been unable to communicate with Bhalla for approximately eight months; Bhalla has not informed Mr. Gabor of a change of address or telephone number. Bhalla has received notice from Mr. Gabor in the form of mail sent to the address she provided him with and to her email account. Additionally, I directly sent her a copy of the last minute entry, which stated my intent to recommend dismissal of the case. Chase has been prejudiced by Bhalla's delay, in that it has had to attend two unproductive conferences and is still waiting to receive responses to their discovery requests. Dismissal of Bhalla's case will remove the case from the court's docket; I have already held two unproductive conferences and it appears that allowing the case to continue would only result in additional futile conferences. More fundamentally, this lawsuit cannot continue without Bhalla's participation. Her counsel has

requested permission to withdraw, and due to Bhalla's unwillingness to cooperate with him in prosecuting this case, it would be appropriate to grant his request. Therefore, if the case is not dismissed, Bhalla will either be proceeding *pro se* or have to obtain new counsel, which will require her active participation. Bhalla has made no effort to suggest that she still wishes to proceed.

The lesser sanction of dismissal without prejudice is insufficient and would be unfair to Chase, which has diligently participated in the case and expended considerable time and effort in attending conferences and attempting to conduct discovery. Dismissal without prejudice would allow Bhalla to resume the case at her convenience and would unfairly place upon Chase the burden of delaying discovery and assuming the risks associated with fading memories and lost evidence, as well as the burden of maintaining evidence against the possibility of future litigation.

III.    Recommendation

For the reasons set forth above, I recommend that plaintiff Sonal Bhalla's complaint be dismissed with prejudice for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

IV.    Objections

This Report and Recommendation will be filed on ECF. Chase is directed to serve a copy of this Report and Recommendation on plaintiff's counsel as well as on Sonal Bhalla personally at her last known address, by certified mail, and to file proof of service with the court. Any objection to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to me within 10 days of service. Failure to file objections within this period

waives the right to appeal the District Court's Order.  See 28 U.S.C. §636 (b)(1); Fed. R. Civ. P. 72; *Beverly v. Walker*, 118 F.3d 900, (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

**SO ORDERED.**

Dated: Central Islip, New York
April 6, 2005

/s/ James Orenstein
JAMES ORENSTEIN
U.S. Magistrate Judge